Bissell, J.
This conti’oversy grows out of an alleged contract of hiring. In 1884 Joseph Potoshinsky was a Jewish rabbi living in Chicago. Some time in December of that year the appellants, Miller and Krepitsky, opened a correspondence with the rabbi looking to his employment to render them certain specified service. The final letter, which con *33 tains the offer of employment, in substance undertakes to pay Potoshinsky $35 per month for his services,—$20 to kill cattle according to the Jewish law, and $15 for the instruction of their children. Without details, this was their substantial proposition. This offer was accepted, and the rabbi came to Denver, and rendered the service for which he had been engaged. Substantially, there is no controversy as to these propositions. It may be stated that in the trial court some question was raised as to the insufficiency of the correspondence to make a legal contract, but the judge very properly held that, if the correspondence was followed by a performance under its proposition, it was ample as a contract to bind the appellants, and a breach would give a cause of action.
The principal defense was rested upon the alleged performance by the promisors up to a certain date, when, according to their contention, the contract was modified, and substantially abandoned, with the consent of the rabbi, who expressly, and by his conduct, accepted the responsibility of a Jewish congregation in place of that which resulted from the letters. That there was some sort of a modification or change in the relation of the parties is evident from the verdict of the jury, who accepted neither version given as entirely accurate, and found that the engagement had been entered into, but that it had been subsequently so modified as to entitle the appellants to a reduction of the amount claimed.
The appellants maintain that the verdict was not a just one, and that it is unsupported by the evidence. This is the only error alleged, discussed, or relied on. In reality, nothing else is’ apparent in the record upon which an argument could be predicated. This is not available for the purposes of reversal. The case, as presented, is not brought within any of the well-recognized rules which cover such cases. The employment and the performance were both established, and, under instructions which plainly and clearly expressed the law, the two remaining inquiries, whether the contract had been modified or whether it had been terminated, were left *34 to the jury. The verdict disposed of those questions, and cannot be said to be without support from the testimony. It is wholly unnecessary to ascertain the date or the extent of the modification as expressed in the verdict. It is enough that it is sustained by the evidence to such an extent that no appellate tribunal would be justified in setting it aside. The judgment must be affirmed.

Affirmed.